# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF:<br><br>18 U.S.C. §§ 2701–12<br><br>INFORMATION NEEDED FOR THE CRIMINAL INVESTIGATION OF TWO TELEPHONE NUMBERS<br><br>(XXX) XXX-XXXX and (XXX)XXX-XXXX | Case No.  1:15-mc-0057-BAM<br><br>MEMORANDUM OF DECISION GRANTING IN AND DENYING IN PART APPLICATION FOR PEN REGISTER AND TRAP AND TRACE |

Pending before the Court is an application under seal by the United States for an order (1) authorizing the installation and use of pen register and a trap and trace device, (2) authorizing release of subscriber information, (3) authorizing release of historical cell site information, and (4) authorizing release of cell site information.  The Government seeks to obtain information under both the Pen/Trap Statute, 18 U.S.C. §§ 3123–27, and the Stored Communications Act, 18 U.S.C. §§ 2701–12.  At issue for the Court is specific language directed to the service provider(s) of the two telephones. The government seeks to have the service providers provide certain technical assistance in the operation of the pen register and a trap and trace devise, as follows:

In particular, the United States requests that the service providers and any other person or entity providing wire or electronic communication service in the United States shall provide the following:

   a) Any requested technical documentation and necessary assistance to enable the the [sic] Drug Enforcement Administration to ascertain the meaning and significance of data in the delivery; to facilitate breaking down the information into distinct identifiable fields; and to address deficiencies and preferences with formats.

   b) A designated technical representative(s)/engineer(s) who will coordinate efforts with and have the authority to provide the Drug Enforcement Administration's technical staff the necessary information and the technical

> assistance, including direct access to the network facilities used or controlled by or on behalf of the Drug Enforcement Administration, and any other person or entity providing wire or electronic communication service in the United States to the target device, for purposes of testing, evaluation and implementation of the technical means necessary to accomplish the authorized pen register and a trap and trace device or process.

The Court interprets this quoted language as requiring the services providers to designate and make available technical expertise, but not to assist in the execution or installation of the devices, but rather to assist the government to interpret the data provided.

The Court inquired of the government as to the authority to require the service providers to perform this particular type of technical assistance. The government argues that 18 U.S.C. § 3124, requires the service provider to provide technical assistance (with the government to pay reasonable compensation), and Section 3124(a), regarding pen registers, provides that the Court may order the service provider to provide "all information, facilities, and technical assistance necessary to accomplish the installation of the pen register." Section 3124(b) provides that the service provider "shall install such device forthwith . . . and shall furnish such investigative or law enforcement officer all additional information, facilities and technical assistance including installation and operation of the device." The government argues that based upon these provisions, the Department of Justice's Computer Crime and Intellectual Property Section ("CCIPS") has drafted the language necessary to explain the assistance the government requires to obtain the source and destination information requested. The CCIPS standardized form was created in May 2014 and includes the language quoted above.

The Court disagrees that the statutory language includes the type of technical assistance requested by the government. Section 3124(a) and (b) directs the service provider to provide "all information, facilities, and technical assistance necessary to accomplish the installation . . ." This language does not require nor permit the Court to order that the service provider designate a person with certain expertise to assist the government *interpret* the results of the pen register or trap and trace device. Thus, the purpose for which the government seeks technical assistance is outside the scope of Section 3124(a) and (b). Further, Sections 3124(a) and (b) grant the Court

1 discretion in ordering technical assistance for the devices within the scope of the 3124(a) and (b).
2 Thus, even if designation of a service provider's expert to assist the government interpret the
3 results of the pen/trap and trace is within the scope 3124(a) and (b), the Court exercises its
4 discretion to reject such a request.  Nonetheless, the government is not precluded from asking for
5 voluntary assistance from the service provider.

6      Accordingly, the Court will strike the above quoted language from the Order Granting (1)
7 authorizing the installation and use of pen register and a trap and trace device, (2) authorizing
8 release of subscriber information, (3) authorizing release of historical cell site information, and
9 (4) authorizing release of cell site information.

IT IS SO ORDERED.

Dated:   **October 22, 2015**　　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE